### Henry v. Travelers' Ins. Co. et al.

Judgment by Stipulation — Effect After Reversal.— A stipulation in reference to the argument and decision of a case, entered into for convenience in this court only, will not, upon a reversal of the judgment, be extended to the retrial of the case below.

*Error to District Court of Rio Grande County.*

Mr. J. P. Brockway and Messrs. Teller & Orahood, for plaintiff in error.

Messrs. Wolcott & Vaile, Mr. C. H. Toll, Mr. D. V. Burns and Mr. W. R. Barbour, for defendants in error.

Per Curiam. This cause was brought to this court for the purpose of reviewing the judgment of the court below in sustaining the demurrer to the petition of Theodore C. Henry as intervenor. By a certain instrument of writing signed by the attorneys of each of the parties hereto, and filed herein, it was stipulated "that no printed brief will be required to be filed by either of the parties hereto, but that, as the same questions are involved in this case as in the case of *T. C. Henry, Appellant, v. The Travelers' Insur-*

*ance Company and the Citizens' Ditch & Land Company,* *Appellees,* this case may be heard and determined at the same time with the last-mentioned case, and that the decision of the court in the case of *T. C. Henry v. The Travelers' Insurance Company and the Citizens' Ditch & Land Company et al.,* shall control this case, and that the same judgment may be entered in this case as in that last-mentioned case."

The foregoing stipulation appears to have been entered into for convenience in this court only. In view of its provisions, however, we have not felt at liberty to consider the petition of intervention for the purpose of determining its sufficiency as to form or substance, either with or without amendment. Hence the opinion rendered in the case mentioned in the stipulation, wherein the Citizens' Ditch & Land Company is a party defendant (*ante*), is not to be considered as controlling on the retrial of this action in the court below, except so far as the facts and circumstances of the two cases are substantially alike. This case may be considered and determined *de novo* upon its own merits as to the several matters of law and fact involved in the record. With this explanation and in pursuance of said stipulation, the judgment of the district court is reversed and the cause remanded for further proceedings.

*Reversed.*

MR. JUSTICE HAYT, having determined the application in the district court, did not participate in this decision.